**THE LEHIGH.**

**THE GL NO. 81.**

**THE BARWICK.**

No. 14202.

District Court, E. D. New York.

March 28, 1935.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine and A. V. Cherbonnier, both of New York City, of counsel), for libelant.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Adrian J. O'Kane, both of New York City, of counsel), for Tug Lehigh.

Lynch & Hagen, of New York City (C. W. Hagen and H. C. Eidenbach, both of New York City, of counsel), for Tug Barwick and Scow A No. 26.

MOSCOWITZ, District Judge.

A collision occurred between the scow GL No. 81 in tow of steamtug Lehigh and scow A No. 26 in tow of the tug Barwick in the dredged channel in Raritan Bay during a dense fog on the morning of December 24, 1933.

On April 24, 1934, the libel was filed against the Lehigh. The answer of claimant, together with petition impleading the steamtug Barwick, was filed on September 15, 1934. It was conceded that the scow GL No. 81 was damaged. The question for consideration is that of fault.

On December 24, 1933, about 2:45 a. m. the Lehigh with loaded dump scows GL No. 81 and GL No. 55 in tandem tow astern on about 20 fathoms of hawser left South Amboy bound for the dumping ground at sea. No. 81 was the leading scow and No. 55 was made fast astern of her. On leaving South Amboy the weather was clear, tide ebb. The Lehigh had been under way for about three-quarters of an hour and was in the vicinity of Beacon Light No. 5 when a dense fog set in. Her engines were immediately reduced to half speed and she started sounding fog signals, and her master who had been asleep in the cabin came into the pilot house. The Lehigh was thereafter proceeding at the

426

speed of about 2 knots. About 3:45 a. m., the Lehigh passed Beacon Light No. 4 and shortly after passing this beacon a bell was faintly heard some distance ahead. About ten to fifteen minutes later, voices were heard ahead and the tug's engines were stopped. The Lehigh's mate called ahead and was informed that a tow was anchored. Shortly afterwards a white masthead light was seen dead ahead. This light was on the tug Barwick which was at anchor in the channel with two scows made fast, one on each side of the tug. The Lehigh's wheel was put hard astarboard. This permitted the Lehigh to clear the Barwick and her tow. However, before the Lehigh's tow could be swung sufficiently to port the bow of scow GL No. 81 came into collision with the stern of scow A No. 26 (the Iron Man), the port boat in the Barwick's tow. This collision occurred about 4 a. m. The Barwick and her tow were in such a position that the Lehigh could not pass. The Lehigh thereupon tied up alongside of the Barwick until the fog lifted which was about 5:15 a. m. It was then observed that both flotillas were lying in the channel between buoys N18 and C9.

 The barge was at fault for anchoring in a narrow channel in a fog although safe anchorage was in the vicinity. The Barwick's master admitted that part of his tow was probably in the channel. The Barwick's mate admitted that when the fog lifted the Barwick was about 300 feet off from buoy N18. The position marked on the chart off Drumgold's dock is over 2,100 feet from buoy N18. The statute provides:

"It shall not be lawful to tie up or anchor vessels or other craft in navigable channels in such a manner as to prevent or obstruct the passage of other vessels or craft." (Act of March 3, 1899, c. 425, Sec. 15, 30 Stat. 1152) Title 33 U.S.C.A. § 409.

Under this statute it was the duty of the Barwick to anchor outside of the narrow channel. This she failed to do. It was this fault that caused the accident. The Limon (C.C.A.) 35 F.(2d) 730. The fact that the fog came up suddenly did not justify the Barwick in anchoring immediately, but it was her duty to seek proper anchorage. Such an anchorage was available.

The Lehigh is likewise at fault for proceeding in a fog. Her captain admitted that no preparation was made for hauling in the hawser until upwards of an hour after the fog was encountered and only at the time of the collision. The Lehigh did not stop, although it could have done so, but attempted to continue on in the dense fog. The Lehigh has attempted to justify her failure to stop on the theory that that would have entangled the towing hawser in her propellor. It appears she had a steam-driven winch for the purpose of hauling in the hawser by the use of which she could have kept the hawser clear of her propellor. As a matter of fact, just before the collision occurred she stopped her engines twice. The fog was dense and witnesses on the Lehigh and on the Barwick stated that the visibility was not more than 50 feet at the most.

Under the circumstances, the Lehigh should have maintained a lookout as far forward as possible on her stem. Both vessels are at fault. The Barwick in anchoring in a narrow channel and the Lehigh in proceeding in a dense fog.

Settle decree and findings in accordance with this opinion.