### THE WELCOMBE.

### THE CHEROKEE.

### PYMAN BROS., Limited, v. CHEROKEE-SEMINOLE S. S. CORPORATION.

### MITSUBISHI SHOJI KAISHA, Limited, v. SAME.

### CHEROKEE-SEMINOLE S. S. CORPORATION v. PYMAN BROS., Limited.

### Nos. 14862, 14868, 14920.

District Court, E. D. New York.

April 28, 1937.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (W. H. McGrann, J. H. Turnure, E. F. Gilligan, and H. B. Finn, all of New York City, of counsel), for Pyman Bros., Ltd. and the Welcombe.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Adrian J. O'Kane, both of New York City, of counsel), for Cherokee-Seminole S. S. Corporation and the Cherokee.

Bigham, Englar, Jones & Houston, of New York City (Leonard J. Matteson and Andrew J. McElhinney, both of New York City, of counsel), for Mitsubishi Shoji Kaisha, Ltd., owner of cargo on the Welcombe.

MOSCOWITZ, District Judge.

A collision occurred between the passenger vessel Cherokee, owned by the Cherokee-Seminole Steamship Corporation, and freight steamer Welcombe, owned by Pyman Bros., Ltd., on January 17, 1936, in the St. Johns River, Florida, about 23 miles to seaward from Jacksonville. As a result of said collision three suits have been brought, one by the owner of the Welcombe against the Cherokee and her owner, another by Mitsubishi Shoji Kaisha, Ltd., as owner of the cargo on the Welcombe, against the Cherokee and Cherokee-Seminole Steamship Corporation, and the third suit by Cherokee-Seminole Steamship Corporation, as owner of the Cherokee, against the Welcombe and her owner.

The Welcombe is a freight vessel 435 feet long over all, 55 feet in beam. She was loaded with about 8,000 tons of scrap metal which she was carrying from Jacksonville, Fla., to Japan. She left Jacksonville, Fla., at 4:30 p. m. Her draft was 25.11 feet forward and 26.1 feet aft. Her master had never been in the St. Johns River before; however he was assisted by a river pilot.

The Cherokee is a passenger and freight ship, 404 feet long over all and 53 feet beam. Her draft at the time of the collision was 15 feet 5 inches forward, 18 feet 9 inches aft, 17 feet 1 inch mean.

At the time of the collision, which occurred at 6:55 p. m. Cherokee time; 7 p. m. Welcombe time, the Welcombe was anchored in the narrowest part of the channel, the distance between the range line and the 30-foot contour mark to the south being 400 feet.

From the testimony of Snaith, the master of the Welcombe, it appears that he did not realize that she was anchored in the middle of the channel; he believed that she was anchored outside of the channel. There was no justification for the Welcombe anchoring in the channel, she had sufficient warning of the fog and had ample opportunity to anchor at Mayport instead of anchoring as she did in the channel which was not a customary and usual place of anchorage. Great Lakes v. The Lehigh (D. C.) 15 F.Supp. 425, 1935 A.M.C. 702, affirmed (C.C.A.) 84 F.(2d) 1002; The Quirigua (The Southern Cross) (D.C.) 17 F. Supp. 311; The Limon (C.C.A.) 35 F.(2d) 730. Having failed to anchor at Mayport, she should not have anchored in the channel but should have continued to the sea. Furthermore, the Welcombe was at fault for failure to give proper fog signals. It was her duty under article 15(d) of the Inland Rules of Navigation (33 U.S.C.A. § 191(d) to ring a bell at intervals of not more than one minute, instead her bell was rung at intervals of about two minutes.

The Cherokee was likewise at fault in proceeding at an excessive rate of speed. She was proceeding at the rate of 14 knots when she entered the dense fog. The navigators knew or should have known of the fog conditions in Bar Cut Channel. The Cherokee in the exercise of reasonable caution should have reduced her speed as she approached the fog. The Edward E. Loomis (C.C.A.) 86 F.(2d) 705, 1937 A.M.C. 54; The William H. Taylor (C.C.A.) 278 F. 717.

It is negligent for a vessel to proceed at such a speed as will not permit her to stop within the distance that she can see ahead of her. The Haven (C.C.A.) 277 F. 957; The Manchioneal (C.C.A.) 243 F. 801.

Both the Cherokee and the Welcombe were at fault.

Settle findings and decree accordingly.